UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER DEMETRI SLATER,<br><br>          Plaintiff,<br><br>     v.<br><br>METRO SOUTH N.J. STATE POLICE,<br>et al.,<br><br>          Defendants. | No. 22-0262 (NLH) (EAP)<br><br>OPINION |

APPEARANCES:

Christopher Demetri Slater
266 Sinnickson Street
Salem, NJ 08079

    *Plaintiff Pro se*

Matthew J. Platkin, New Jersey Attorney General
Victor N. DiFrancesco, Jr., Deputy Attorney General
Office Of The New Jersey Attorney General
Corrections and State Police
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

    *Counsel for Defendants Metro South New Jersey State Police*

HILLMAN, District Judge

     Plaintiff Christopher Demetri Slater, formerly

incarcerated in South Woods State Prison, New Jersey, seeks to

file this complaint under 42 U.S.C. § 1983.  ECF No. 1.

     At this time, the Court must review the complaint in

accordance with 28 U.S.C. § 1915(e)(2) to determine whether it

should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint and deny leave to amend.

I.   BACKGROUND

Plaintiff left Millville, New Jersey at 6:55 p.m. and drove to Vineland, New Jersey on April 24, 2019. ECF No. 1-1 at 3. He stopped at his friend America Negron's house and called to let her know that he was outside. Id. Negron came outside, got into the car, and spoke with Plaintiff for approximately 5 minutes. Id. at 4. Plaintiff and Negron drove to the a store called the Pantry and parked the vehicle, a silver Mercedes Benz, near a white Lexus driven by Michael J. Fox. Id. at 40. He went inside to get cigarettes for Negron. Id. After leaving the store, Plaintiff

> got into the Passenger side of the white Lexus and closed the door behind me I'm in the car 5 minutes talking to [Fox] I was getting a 3.5 From him He showed me two different kinds the 1st minute I'm in the car I took the Gorilla Glue and gave him the other One back then gave him two five's and $10 But I slid it to him out of eye sight then 5 minutes later Trooper Trapani # 7704 pull in the middle of the trunk of the Lexus in a Black F150 . . . .

Id.

Defendant Trapani sat in the truck for about two minutes before going "directly to the Passengers side of the white Lexus where I was I had the marijuana under my stomach and tigh [sic] when he Trooper Trapani went to pull the door open I lifted up

and the marijuana fell to the floor . . . ."  Id. at 40-41.
"[O]nce the door was all the way open the officer put his head
over the thresh whole [sic] of the door and that's when he saw
marijuana in the car but not before he opened the car door."
Id. at 41.

Plaintiff got out of the car and was searched by Defendant
Trapani.  Id.  Defendant Trapani asked if he could search the
car, but Plaintiff said it was not his car.  Id.  Defendant
Trapani called for a tow truck for the Mercedes, and another
officer called for a K-9 unit "to make it look good."  Id.
"Once the K-9 was on the scene not once did the K-9 sit of lay
down to indicate there was narcotics in either car."  Id. at 35.
"[J]ust by watching National Geographic and the dog sniff's the
dog's always sit or lay down to indicate the [presence] of
narcotic's."  Id.

Plaintiff acknowledges that the K-9 did "jump at the
driver's side door of the white Lexus" but attributes that to
the fact that Fox "was eating chicken right before the Metro
Unit came and then they put the chicken on the truck of the
white Lexus."  Id.  The K-9 unit left the scene, and Plaintiff,
Fox, and Negron were taken to the Metro South Station.  Id. at
41.  Several officers remained on the scene to wait for the tow
truck, and Plaintiff states he "believe[s] the car was searched"
at that time.  Id. at 42.

Plaintiff declined to speak with officers at the station. He was given a complaint summons for possession of marijuana under 50 grams, N.J.S.A § 2C:35-10(a)(4); wandering/prowling to obtain/sell CDS, N.J.S.A § 2C:33-2.1(b); and distribution of marijuana, N.J.S.A § 2C:35-5(b). Id. at 82. He was released on his own recognizance pending a future court date. Id.

Defendant Trapani prepared an affidavit and search warrants for the two vehicles on April 25, 2019. Id. He presented the affidavits and warrant to Defendant Lesley Snock, a Cumberland County Assistant Prosecutor, "who authorized [him] to present those documents to a Superior Court Judge." Id. at 82-83. Superior Court Judge D'Arrigo approved the search warrants on April 26, 2019. Id. at 83. Officers searched the vehicles that same day and found "evidential items" in the Lexus, including several bags of suspected CDS, bottles of pills, a digital scale, $20 in United States currency, and numerous clear plastic baggies. Id.

According to Defendant Trapani's report, the search of the Mercedes turned up $2000 in United States currency, three cellular phones, two plastic bags containing suspected cocaine, one bag of suspected crack cocaine, one bag of an unidentified suspected CDS, and a digital scale. Id. at 84.

On July 17, 2019, a Cumberland County grand jury indicated Plaintiff and Fox. Id. at 98. Plaintiff was charged with

4

first-degree possession of heroin/fentanyl with intent to
distribute, N.J.S.A § 2C:35-5(b)(1); and third-degree possession
of heroin/fentanyl, N.J.S.A § 2C:35-10(a)(1).  Id. at 98-99.  On
August 12, 2019, a judge issued three communications data
warrants for the phones that were found in the Mercedes.  Id. at
102-07.

Plaintiff alleges Defendant Trapani "illegally towed the
car and falsified report to get a search warrant."  ECF No. 1 at
4.  He alleges Defendant Snock "approved [the] search warrant
approval form with out a Judges name No probable cause to do
so."  Id.  He also alleges Defendant Officers Adams, Brook,
Ribchinsky, Zee, Norton, Ward, Heenan "had constructive
knowledge that corner's were being cut and helped to cover up
and support the lead office in efforts to get a conviction
knowing the probable cause was false in support of the warrant."
Id. at 5-6.

Plaintiff claims the charges against him are invalid
because "the indictment says received not filed" and that the
prosecutor's office violated his due process rights by failing
to provide him with discovery and proceeded "with conflicting
statements from the affidavit where Officer Trapani state's
[sic] he found marijuana in the door pocket of the white Lexus
then in the State Police report he says he finds marijuana on
the passenger side floor between my legs . . . ."  Id. at 8.

Plaintiff alleges further inconsistencies such as the number of bags of marijuana found and whether Defendant Trapani followed Plaintiff from Millville to Vineland.  Id.

Plaintiff alleges false arrest, illegal search and seizure, malicious prosecution, and due process violations.  Id. at 8-9. He asks the Court to release him from custody and compensate him for the time he spent in custody.  Id. at 9.

II.  STANDARD OF REVIEW

To survive a sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the Plaintiff's claims are facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972);

6

United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

III. DISCUSSION

Plaintiff alleges Defendants conducted an illegal search and seizure of the Mercedes on April 24 and 26, 2019.  This claim is barred by the statute of limitations.  "Although the statute of limitations is an affirmative defense, a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary."  Demby v. Cnty. of Camden, No. 21-1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), cert. denied, 142 S. Ct. 1163 (2022).  New Jersey's two-year limitations period for personal injury governs Plaintiff's complaint.  Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); N.J.S.A. § 2A:14-2.  The accrual date of a § 1983 action is determined by federal law, however.  Wallace v. Kato, 549 U.S. 384, 388 (2007); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014).

"A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric Corp. of Delaware v. City of Philadelphia, 142

7

F.3d 582, 599 (3d Cir. 1998).  "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known."  Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).  A claim for an unlawful search accrues at the time of the search.  See Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018) ("[A] a claim accrues when the last act needed to complete the tort occurs.  For a search, that is the moment of the search." (internal citation omitted)).  Plaintiff had a complete cause of action for the allegedly illegal search and seizure on April 26, 2019.  Plaintiff's false arrest claims also accrued on April 24, 2019.  See Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011) (noting claim for false arrest accrues on date of arrest).

Plaintiff had two years, until April 26, 2021, to file a § 1983 claim challenging the search and arrest, but he did not file his complaint until January 20, 2022.  ECF No. 1.  "State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled."  Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).  "The law is clear that courts must be sparing in their use of equitable tolling."  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  "Equitable tolling is extraordinary relief, and is appropriate only when: (1) a

defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his or her claim in the wrong forum." Singleton, 411 F. App'x at 473.

"A party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" Margolis v. Warner Chilcott (US) LLC, No. 17-4550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting Menichino v. Citibank, N.A., No. 12-0058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)). "A Plaintiff may not amend the pleadings through arguments found in his or her Opposition Brief in order to support application of equitable tolling." Demby v. City of Camden, No. 20-13893, 2022 WL 4377197, at *4 (D.N.J. Sept. 22, 2022) (citing Margolis, 2018 WL 2455925, at *7). There are no facts in the complaint from which the Court could reasonably conclude that equitable tolling would be appropriate in this matter. Accordingly, the Court will dismiss the illegal search and false arrest claims with prejudice as barred by the statute of limitations.

Plaintiff has also failed to state a claim for malicious prosecution. Plaintiff informed the Court that he pleaded guilty to the charges against him and was sentenced on May 6,

2022.  ECF No. 8.  "Favorable termination is (and always has been) a necessary element of a malicious prosecution claim." Garrett v. Murphy, 17 F.4th 419, 428 (3d Cir. 2021).  "[A] prisoner lacks a 'cause of action' under § 1983 if the prisoner is challenging an 'allegedly unconstitutional conviction or imprisonment' before having the conviction or sentence overturned."  Id. at 425 (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).  "Without favorable termination, a plaintiff lacks a claim, and the complaint must be dismissed as premature for failure to state a claim."  Id. at 428.  Plaintiff cannot proceed with a malicious prosecution claim unless and until his conviction has been overturned; therefore, the Court will dismiss this claim without prejudice.

Plaintiff's guilty plea also prevents his due process claims from proceeding.  A plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless that conviction has been reversed or otherwise called into question.  Heck, 512 U.S. at 486-87.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." Id. at 487.

Plaintiff alleges Defendants fabricated evidence against him and "there are [Brady v. Maryland, 373 U.S. 83 (1963)] and [Giglio v. United States, 405 U.S. 150 (1972)] violations." ECF No. 8. If Plaintiff succeeded on these claims, it would call his conviction's validity into question. See Halsey v. Pfeiffer, 750 F.3d 273, 294 & n.19 (3d Cir. 2014) (holding a fabrication of evidence claim "must draw a meaningful connection between [plaintiffs'] conviction and the use of fabricated evidence against them."). Therefore, these claims are currently barred by Heck.

Finally, the Court must dismiss any request to vacate Plaintiff's conviction on the grounds of ineffective assistance of counsel. ECF Nos. 8 & 12. "A prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." Aruanno v. New Jersey, 215 F. App'x 157, 158 (3d Cir. 2007). "[W]henever the challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Section 2254 is the federal habeas

statute that applies to "a person in custody pursuant to the judgment of a State court[.]"  28 U.S.C. § 2254(a).

The Court declines to convert the present action to a petition under § 2254 because there are significant differences in the filing requirements for § 2254 petitions as well as legal consequences under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244.  See Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  AEDPA requires a prisoner challenging the legality of a sentence imposed by a state court under § 2254 to include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final.  Additionally, a § 2254 petition may not be granted unless the prisoner has exhausted the remedies available in the state courts.  28 U.S.C. § 2254(b)(1).

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will deny leave to amend as futile.  Plaintiff's illegal search and false arrest claims are barred by the statute of limitations. His due process claims are presently Heck-barred, and any malicious prosecution claims have not yet accrued and may not accrue for some time if at all.  The statute of limitations for

malicious prosecution claims do not begin to run until there has been a favorable termination of criminal proceedings, so denying leave to amend will not prejudice Plaintiff's ability to bring his claims if and when he can satisfy the favorable termination element. See Heck, 512 U.S. 477, 489 (1994) ("[T]he statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen."). The dismissal is without prejudice to Plaintiff's right to reassert his arguments under § 2254, and the Court will direct the Clerk to mail Petitioner a blank § 2254 habeas petition for any future use.[1]

IV.   CONCLUSION

    For the reasons stated above, the Court will dismiss the false arrest and illegal search claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).  The fabrication of evidence and malicious prosecution claims will be dismissed without prejudice.  Leave to amend will be denied.

    An appropriate order follows.


Dated: February 8, 2023          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court makes no findings as to whether Petitioner has otherwise satisfied § 2254's filing requirements.